

FILED

NOV 01 2021

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## NORTHERN DIVISION

| UNITED STATES OF AMERICA, | 1:16-CR-10032-CBK |
|---|---|
| Plaintiff, | |
| vs. | |
| JESSIE JAMES GRUETTNER; | **MEMORANDUM AND ORDER** |
| Defendant. | |

## I.    BACKGROUND

Mr. Jessie J. Gruettner ("defendant"), having pled guilty to conspiracy to distribution of a controlled substance, methamphetamine, was sentenced by this Court in January 2018 to 292 months of imprisonment, followed by a supervised release term of 10 years. See JUDGMENT IN A CRIMINAL CASE, doc. 61. The defendant now comes before this Court seeking a reduced sentence because of (1) the First Step Act of 2018's reduction of the mandatory minimum for the offense for which he was convicted; and (2) because of his rehabilitative efforts while in custody. MOTION FOR APPOINTMENT OF COUNSEL, doc. 67 at 1–3. Further, Mr. Gruettner requests the appointment of counsel to pursue this relief. Id. at 1.

## II.    DISCUSSION

### A. Jurisdiction

Since sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, an exception exists where a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Further, the 18 U.S.C. § 3553(a) factors must support a reduction. Id. The defendant

carries the burden to show a sentence reduction is warranted under 18 U.S.C. § 3582(c).
United States v. Condon, 458 F.Supp.3d 1114, 1117 (D.N.D. 2020).

## B. **Exhaustion**

This Court can only grant a sentence reduction upon motion of the defendant
"after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau
of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the
receipt of such a request by the warden of the defendant's facility, whichever is earlier."
18 U.S.C. §3582(c)(1)(A). See United States v. Horse, 2020 WL 4932808 at *2 (D.S.D.
Aug. 24, 2020) (*unpublished*) (holding exhaustion is met either when an inmate exhausts
administrative appeals when the warden elects not to bring motion on defendant's behalf,
or 30 days after submitting a request to the warden). Here, Mr. Gruettner dates his
request to the Warden – which was attached to his motion to this Court – "August 30."
MOTION FOR APPOINTMENT OF COUNSEL, doc. 67 at 5. While no year is attached, this
matter is now ripe for adjudication, even if this was sent to the Bureau of Prisons on
August 30, 2021.

## C. **Compassionate Release**

Defendant must show that "extraordinary and compelling reasons" warrant a
reduction in sentence and that the reduction is "consistent with applicable policy
statements" issued by the United States Sentencing Commission. 18 U.S.C. §
3582(c)(1)(A). However, Congress has not defined what exactly is "extraordinary and
compelling reasons." Instead, the statute directed the Commission to promulgate "the
criteria to be applied and a list of specific" extraordinary and compelling examples.
United States v. Brown, 457 F. Supp. 3d 691, 698 (S.D. Iowa 2020). The first three
examples offered by the Sentencing Commission, in its Application Note 1 to the policy
statement, do not apply here. Rather, Gruettner seeks relief under subdivision (D), the
catch-all provision. Under this subdivision, a reduction can be warranted where "[a]s
determined by the Bureau of Prisons, there exists in the defendant's case an extraordinary
and compelling reason other than, or in combination with, the reasons described in
subdivisions (A) through (C)." While the Bureau has not opined on Gruettner's matter,

2

this Court has previously explained why it nevertheless has the authority to determine if extraordinary or compelling reasons exist to warrant such a reduction.  See United States v. Horse, 2020 WL 4932808 at *4 (D.S.D. Aug. 24, 2020) (*unpublished*); see also United States v. Brown, 457 F.Supp.3d 691, 701 (S.D. Iowa 2020) ("[T]he most natural reading of § 3582(c) is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it.  Unqualified 'deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role.'") (*quoting* United States v. Fox, 2019 WL 3046086 at *3 (D. Me. July 11, 2019) (*unpublished*)).

Mr. Gruettner argues a sentence reduction is warranted because of: (1) changes to sentencing laws pertaining to conspiracy to distribute methamphetamine under the First Step Act of 2018 as well as predicate prior drug convictions; and (2) while not termed rehabilitation, improvements in his life that would warrant a reduced prison term as well as his contemplated release plans.  Each argument is addressed in turn.

1. *Statutory Changes under First Step Act of 2018 Would Not Have Impacted Gruettner's Sentence*

Mr. Gruettner contends that the Court should consider a reduction in sentence because (1) the mandatory minimum for the convicted offense has been reduced from 20 to 15 years pursuant to the First Step Act; and (2) regardless, this 15 year mandatory minimum could not apply to him due to the fact his criminal history would no longer offer the predicate prior serious drug offense to trigger this 15 year minimum sentence under the statute's new "serious drug felony" definition, and instead would be confronted with a minimum sentence of only 10 years.[1]  But because his guidelines sentence range would remain unchanged from adjustments made to mandatory minimums and predicate prior drug convictions, the defendant's arguments are mooted.

---

[1] Two of the three prior convictions that effected Gruettner's criminal history category are drug convictions: three points for a 2005 "Drugs – First degree – Manufacture Methamphetamine" conviction from Minnesota state court; and two points for a 2011 "Drugs – 5th Degree – Possess Schedule 1,2,3,4 – Not Small Amount Marijuana" conviction, also in Minnesota state court.  See PRESENTENCE INVESTIGATION REPORT, doc. 50 at 9–10, 12.

The defendant contends his sentence would have been different today because of the First Step Act's reduction of the mandatory minimum for conspiracy to distribute methamphetamine for individuals like him, who have a prior conviction for a serious drug felony. See FIRST STEP ACT OF 2018, Pub. L. 115-391, 132 Stat. 5194, 5220, § 401(a)(1)(i). Further, Mr. Gruettner argues his prior drug convictions do not in fact constitute a "serious drug felony" under the revised 21 U.S.C. § 841, and that he would rather be only faced with a mandatory minimum of 10 years. However, Gruettner's sentencing guideline range, which remains unchanged today as it did when he was sentenced in January 2018, was markedly higher than not just the base mandatory minimum of 10 years, but well beyond the prior existing mandatory minimum of 20 years.

Mr. Gruettner's sentencing guidelines took into account two separate sources of points directed towards his sentence, his base offense level as well as an adjustment for his role in the offense. Gruettner also received three points reduced from his total offense level because of his acceptance of responsibility.

First, the defendant's base offense level was 36, from which there were no objections. Convictions under 21 U.S.C. § 841(a)(1) fall under USSG 2D1.1, "Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy." This offense "involved 41.328 KG (kilograms) of methamphetamine." PRESENTENCE INVESTIGATION REPORT, doc. 50 at 8. Under the Drug Quantity Table within §2D1.1, Mr. Gruettner fell within Level 36 because "[a]t least 15 KG but less than 45 KG of Methamphetamine" was involved. USSG §2D1.1. The defendant was at the high end of the Drug Quantity Table; Mr. Gruettner was less than four KG away from falling within the highest level of 38.

Second, overruling the defendant's prior sentencing objection, the Court gave Gruettner an additional four points as an adjustment for his role in the offense, namely that he was an organizer or leader of a criminal activity involving five or more participants, or was otherwise extensive. See USSG §3B1.1(a). Here, the adjustment

4

was warranted because of his marked impact on the methamphetamine black market within the Browns Valley, Minnesota region.

Third, the fact that five of Gruettner's points calculated towards his criminal history category stem from two separate drug offenses does not change with any modification of terms from the First Step Act. Even if § 401 of the Act was retroactive – which it is not, see *infra* – it would not alter his ultimate criminal history category when calculating his guideline range. Thus, after subtracting three points for his acceptance of responsibility, Gruettner faced a Total Offense Level of 37 points and a criminal history category of IV, making his advisory guideline range 292–365 months. Mr. Gruettner was ultimately sentenced in January 2018 to the lowest end of the guideline range, 292 months. Fatal to defendant, this advisory range was well above the prior – and steeper – mandatory minimum for 21 U.S.C. § 841; any change in the mandatory minimum is ultimately immaterial for this case. And as the Court will further explain, the relevant portions of the First Step Act for this matter are not retroactive.

### 2. *Relevant Portions of Free Step Act of 2018 are Not Retroactive*

The First Step Act "does not make the section 401 amendments retroactive." United States v. Grant, 813 Fed.Appx. 246., 249 (8th Cir. 2020) (*unpublished*). Even if defendant's claim that the First Step Act's reduction of the mandatory minimum for 21 U.S.C. § 841 would have changed his sentence if he were convicted today – which it would not, see *supra* – it is ultimately immaterial: § 401 of the First Step Act, which reduced the mandatory minimums for convictions under 21 U.S.C. § 841, was *not* retroactive. The statute's "Effective and Applicability Provisions" specifically noted that this amendment would *only apply* to "any offense that was committed before the date of enactment of this Act [Dec. 21, 2018], *if* a sentence for the offense *has not been imposed as of* [Dec. 21, 2018]." (first alteration in original, emphasis added). See id. ("Instead, section 401 permits specifically the application of its amendments to offenses for which the sentence has not yet been imposed, an unnecessary provision if the amendments applied retroactively."). See also United States v. Shipton, 793 Fed.Appx. 458, 458–59 (8th Cir. 2020) (*unpublished*) (explaining that § 401 of the First Step Act does not apply

5

retroactively to defendants sentenced prior to December 21, 2018); United States v. Tovar, 2020 WL 3578579 at *4 (D.N.D. July 1, 2020) (*unpublished*) ("'Congress has evidenced the intent not to make this provision of the First Step Act generally retroactive by making § 401 applicable to offenses committed before the Act's enactment only if a sentence had not been imposed as of the date of enactment.'") (*quoting* United States v. Ryerson, 2020 WL 3259530 at *8 (E.D. Tenn. June 16, 2020) (*unpublished*)).

Mr. Gruettner was sentenced in January 2018, 11 months before the Act's enactment. Thus, any potential change to 21 U.S.C. § 802(57) cannot be retroactively applied in this matter.

### D. Demonstration of Rehabilitation

Mr. Gruettner goes on to explain to the Court steps he has taken to better himself since being incarcerated, providing further rationale on why a sentence reduction is warranted. While in custody, the defendant has "completed numerous programs and courses," found "steady employment," obtained his G.E.D., taken parenting classes, pursued classes to alleviate his anger management, and completed drug classes, all of which is to be lauded. MOTION FOR APPOINTMENT OF COUNSEL, doc. 67 at 4. He plans to ultimately enroll in Teen Challenge Ministry when released, while also noting he has a "strong support system" waiting for him after he exits custody. Id. at 5. Letters of support were also filed by members of the defendant's family, including his daughter, sister, brother-in-law, and niece. See id. at 6–9. While the defendant has taken steps to better himself while in custody, which the Court commends, this alone cannot warrant a reduction in sentence.

"'Rehabilitation of the defendant *alone* shall not be considered'" sufficiently extraordinary and compelling to justify compassionate release. United States v. Brown, 457 F.Supp.3d 691, 701 (S.D. Iowa 2020) (emphasis in original) (*quoting* 28 U.S.C. § 994(t)). "For the word "alone" to do any work—as it must—that means courts can consider rehabilitation as *part* of a compassionate release motion." Id. (emphasis in original). See also United States v. Contreras, 504 F.Supp.3d 1052, 1060 (D.S.D. 2020) ("The Sentencing Commission recognizes that rehabilitation cannot be the sole factor for compassionate release."). This Court has already

explained why Mr. Gruettner is not owed a reduction in sentence because of changes to 21 U.S.C. § 841's mandatory minimums, leading to the sole remaining grounds for a sentence reduction being his rehabilitation.   Because this alone cannot justify a reduction, the defendant's motion should be denied.

### E.  **Appointment of Counsel**

The Court declines to appoint Gruettner counsel.  "[T]he appointment of counsel for the purpose of preparing a compassionate release motion is neither required by the Constitution nor by statute."  United States v. Tovar, 2020 WL 3578579 at *6 (D.N.D. July 1, 2020) (*unpublished*).  Because of the reasons stated above, appointment of counsel in this matter is not necessary.

### III.   **CONCLUSION**

Mr. Gruettner's arguments about relevant changes to mandatory minimums under the First Step Act are irrelevant to his matter due to the statute's explicit command that they are not to be applied retroactively.  Further, even if they were, they would not have changed his sentence when his advisory guideline range was well above the then-existing 20 year mandatory minimum for his offense.  Finally, his commendable pursuit of rehabilitation while in custody alone cannot justify a reduction in sentence.

IT IS HEREBY ORDERED that defendant's motion for a reduction in sentence and appointment of counsel, doc. 67, is denied.

DATED this ____ day of October, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge