UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSIE JAMES GRUETTNER,<br><br>Defendant. | 1:16-CR-10032-CBK<br><br>ORDER REGARDING MOTION FOR REDUCTION OF SENTENCE |

Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 of the Federal Sentencing Guidelines. Defendant was sentenced on January 4, 2018, to 292 months imprisonment for conspiracy to distribute a controlled substance, methamphetamine. Defendant's total offense level was 37 and, together with a criminal history category of IV, his guideline range was 292 - 365 months. The defendant was sentenced to the low end of the guideline range.

Amendment 821 amended, retroactively, the "status points" provisions of U.S.S.G. § 4A1.1. Formerly, two criminal history points were assigned pursuant to § 4A1.1(d) if the defendant committed the offense while he was under any criminal justice sentence. The amendment reduced the number of status points to one and, pursuant to § 4A1.1(e), only applies if the defendant has seven or more criminal history points before application of status points.

Pursuant to 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Guidelines § 1B1.10 governs the application of the reduction in a term of imprisonment as a result of retroactive amendments to the Federal Sentencing Guidelines. The Sentencing commission amended § 1B1.10 (d) to include the criminal history amendments that are part of Amendment 821.

The United States Supreme Court has instructed that sentence reductions pursuant to § 3582(c) and § 1B1.10 require a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*

I find that defendant does not qualify for a reduction pursuant to Amendment 821. Defendant had seven criminal history points prior to the addition of the two status points. The addition of two status points resulted in a criminal history score of nine. Under the amended guideline, he would only receive one status point, resulting in eight instead of nine criminal history points. Criminal history category IV is applicable to defendants who are assigned seven, eight, or nine criminal history points. Even if defendant's criminal history score is recalculated pursuant to Amendment 821, defendant is still in category IV and his guideline range is still 292-365 months.

Application of Amendment 821 does not affect defendant's criminal history category or his guideline sentencing range. Accordingly defendant is not entitled to a reduction in sentence.

Now, therefore,

IT IS ORDERED that the motion for reduction of sentence, Doc. 79, is denied.

DATED this 8th day of April, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

2